**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In Re:

DAVID D. PINO,
DIANE L. PINO

    Debtor(s).

*In a joint case, debtor means debtors in this plan.*

**CHAPTER 13 PLAN**
Dated: November 18, 2011

Case No.

1. **DEBTOR'S PAYMENTS TO TRUSTEE -**
   a. As of the date of this plan, the debtor has paid the trustee $-0-
   b. After the date of this plan, the debtor will pay the trustee $700 per month for 60 months beginning within 30 days after the order for relief for a total of $42,000. The minimum plan length is 60 months from the date of the order for relief unless all allowed claims are paid in a shorter time.
   c. The debtor will also pay the trustee N/A.
   d. The debtor will pay the trustee a total of $42,000 . [line 1(a) + line 1(b) + line 1(c)].
2. **PAYMENTS BY TRUSTEE** - The trustee will pay from available funds only creditors for which proofs of claim have been timely filed. The trustee may collect a fee of up to 10% of plan payments, or an estimated $3,100 [Line 1(d) X .10].
3. **ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)]** - The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payments | Number of Months | Beginning Month No. | TOTAL PAYMENTS |
|---|---|---|---|---|
| a. N/A | | | | |
| b. | | | | |

4. **EXECUTORY CONTRACTS AND UNEXPIRED LEASE [§365]** - The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7,

a. NISSAN ACCEPTANCE – LEASE AGREEMENT
b.

5. **CLAIMS NOT IN DEFAULT** - Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| Creditor | Description of Property |
|---|---|
| a. N/A | |
| b. | |
| c. | |

6. **HOME MORTGAGES IN DEFAULT [§1322(b) (5) and §1322(e)]** - The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. **All following entries are estimates.** The trustee will pay the actual amounts of default.

| Creditor | Amount of Default | Monthly Payment | Beginning Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. BAC HOME LOANS | $24,800 | $650 | 6 | 39 | $24,800 |
| b. | | | | | |
| c. | | | | | |
| d. TOTAL | | | | | $24,800 |

7. **CLAIMS IN DEFAULT [§1322 (b)(3) and (5) and §1322(e)]** - The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. **All following entries are estimates except for interest rate.**

| Creditor | Amount of Default | Interest Rate, if any | Monthly Payment | Beginning Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. N/A | | | | | | |
| b. | | | | | | |

8. **OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§1325(a)(5)]** - The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column below. The creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. §1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor | Claim Amount | Secured Claim | Int. Rate | Beginning Month # | Monthly Payment | No. of Payments | Payments on Claim + | Adeq. Prot Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|
| a. N/A | | | | | | | | | |
| b. | | | | | | | | | |
| c. | | | | | | | | | |
| d. TOTAL | | | | | | | | | |

9. **PRIORITY CLAIMS** - The trustee will pay in full all timely filed claims entitled to priority under §507, including the following. The amounts listed are estimates. The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney Fee | $3,000 | $650 | 1 | 5 | $3,000 |
| b. Domestic Support | | | | | |
| c. Internal Revenue Service | $4,751 | $650 | 45 | 8 | $4,751 |
| d. MN Dept. of Revenue | $ | | | | |
| e. | | | | | |
| f. TOTAL | | | | | $7,751 |

10. **SEPARATE CLASS OF UNSECURED CREDITORS** - In addition to the class of secured creditors specified in ¶ 6, there shall be a separate class of creditors asserting a security interest in real property that is the debtor's principal residence. The liens of these creditors upon the debtor's principal residence shall be avoided pursuant to 11 U.S.C. §506(a) because of the lack of collateral value and their claims shall be paid by the trustee as a wholly unsecured, nonpriority claim and the unpaid balance discharged at the conclusion of the plan term. The debtor will not make payments directly to the creditor after the filing of the Chapter 13 Case,. CONFIRMATION OF THE CHAPTER 13 PLAN SHALL CONSTITUTE A FINDING OF FACT THAT THE CLAIM IS AN UNSECURED CLAIM IN ITS ENTIRETY. **All entries below are estimates.**

| Creditor | Interest Rate (If any) | Claim Amount | Monthly Payment | Beginning in Month # | No. of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. TCF BANK | | $87,400 | | | | -0- |
| b. | | | | | | |
| TOTAL | | | | | | |

11. **TIMELY FILED UNSECURED CREDITORS** - The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $6,349 (line 1(d) minus lines 2, 6(d), 7(d), 8(d), 9(f), and 10(c)).
a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $-0-.
b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶8 and ¶10 are $52,916.
c. Total estimated unsecured claims are $52,916.  [ (line 11(a) + line 11(b)].

12. **TARDILY-FILED UNSECURED CREDITORS** - No money paid by the debtor to the trustee under¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10, or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

13. **OTHER PROVISIONS** - The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.

14. **SUMMARY OF PAYMENTS** -

| | |
|---|---|
| Trustee's Fee [Line 2] ................................. | $ 3,100 |
| Home Mortgage Defaults [Line 6(d)]............................. | $24,800 |
| Claims in Default [Line 7(d)]........................ | -- |
| Other Secured Claims [Line 8(d)]................................. | -- |
| Priority Claims [Line 9(f)]........................ | $ 7,751 |
| Separate Classes [Line 10(c)]...................... | -- |
| Unsecured Creditors [Line 11]..................... | $ 6,349 |
| TOTAL [must equal Line 1(d)]................ | $42,000 |

Signed _____
DEBTOR

Signed _____
DEBTOR if joint case

Ian Traquair Ball, #4285
12 South Sixth Street, Suite 326
Minneapolis, MN  55402
Tele:  (612) 338-1313
ATTORNEY FOR DEBTOR